**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

| | |
|---|---|
| EMERY SELYMES, Individually, and as Personal Representative of the ESTATE OF LINDA MARIE SELYMES,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY FOOD CENTER, INC. (aka QFC), a wholly owned subsidiary of The KROGER CO., an Ohio Corporation doing business in Washington,<br><br>Defendants, | No:<br><br>COMPLAINT FOR DAMAGES |

**COMES NOW**, Plaintiff EMERY SELYMES, Individually, and as Personal Representative of the ESTATE OF LINDA MARIE SELYMES, by and through his attorneys, John J. Greaney, and GREANEY SCUDDER LAW FIRM, PLLC, for a cause of action against Defendants, complains and alleges as follows:

### I. PARTIES

1.1     Plaintiff Emery Selymes, is a resident of King County, in Maple Valley, Washington. Mr. Selymes is the duly appointed personal representative of The Estate of Linda Marie Selymes, by order of the King County Superior Court of the State of Washington dated March 5, 2020. Linda Marie Selymes was Emery Selymes' wife. Emery Selymes is authorized to commence

COMPLAINT FOR
PERSONAL INJURIES - 1

GREANEY SCUDDER LAW FIRM, PLLC
203 MADISON AVENUE
KENT, WASHINGTON 98032
253-859-0220
253-859-0440 (FAX)

and maintain this action on behalf of the Estate of Linda Marie Selymes and the statutory beneficiaries. See **Exhibit 1**, attached.

1.2  Other statutory beneficiaries include decedent Linda Marie Selymes only adult son.

1.3  Defendant Quality Food Centers, Inc. (aka QFC) is a Washington based corporation, doing business in King County, Washington. QFC is a wholly owned subsidiary of Defendant The Kroger Co.

1.4  Defendant The Kroger Co. is an Ohio corporation, and the parent company of Defendant QFC, doing business in King County, Washington.

1.5  Defendant Quality Food Centers (QFC) and/or Defendant The Kroger Co., is/are the owner(s) and operator(s) of a QFC store, designated as Wilderness Village QFC, located at 22131 SE 237th St., Maple Valley, WA 98038.

1.6  Defendants QFC and The Kroger Co.'s registered agent for service of process is Corporation Service Company, located at 300 Deschutes Way S.W., Suite 208, Tumwater, WA 98501.

## II. JURISDICTION AND VENUE

2.1  Plaintiff was at all material times relevant and material to this Complaint, a resident of King County, Washington.

2.2  This Court has jurisdiction over the parties and the subject matters of this action.

2.3  Defendants transact business in King County and elsewhere in the State of Washington and have, through negligence or the negligence of employee or agent for whom it is responsible, committed a tortious act or acts within the State of Washington, County of King, and therefore, are subject to both general and specific jurisdiction in this Court.

2.4  Jurisdiction and venue are properly in King County because the corporate Defendants transact business currently, have offices for the transaction of business, or did transact business at the time the cause of action arose within King County, Washington.

COMPLAINT FOR
PERSONAL INJURIES - 2

GREANEY SCUDDER LAW FIRM, PLLC
203 MADISON AVENUE
KENT, WASHINGTON 98032
253-859-0220
253-859-0440 (FAX)

## III. FACTUAL BASIS FOR CLAIM

3.1     On or about January 31, 2020, Linda Marie Selymes was a business invitee of QFC, and was shopping inside the QFC store located at 22131 SE 237th St., Maple Valley, WA 98038, also referred to as Wilderness Village QFC.

3.2     At said time and place, QFC was undergoing a major remodel and carpet and mats were loose, some floor matting, carpeting and/or coverings taped down with red tape; on the floors in some areas of the store was mud, dirt and debris; there were items, food products and other products in carts which were blocking some aisles, and it was readily apparent that the store was undergoing extensive remodeling. It was in many areas of the store generally unsafe for customers and shoppers.

3.3.    While shopping, Linda Marie Selymes tripped and/or fell over an unsafe mat placed in or near the meat department or counter. The fall resulted in severe injuries including head trauma, and a few hours later, she died from her injuries due to blunt head force trauma.

3.4     Defendants and its agents and employees had actual or constructive notice of the defective matting/flooring and the dangerous condition it had created. The defendants failed to recognize the danger they created. The defendants later destroyed and discarded the involved mat, apparently upon instructions from its managers or agents

3.5     Mrs. Selymes was unaware of the hazardous condition involving the mat before she tripped on it.

3.6     As a direct and proximate result of the negligence of Defendants' employee(s), manager(s) or agent(s), Mrs. Selymes immediately sustained serious injuries to her head and neck regions, and shock to her nervous system and person, all of which injuries trauma caused Plaintiff great mental, physical and nervous pain and suffering, leading to her death hours later.

COMPLAINT FOR
PERSONAL INJURIES - 3

GREANEY SCUDDER LAW FIRM, PLLC
203 MADISON AVENUE
KENT, WASHINGTON 98032
253-859-0220
253-859-0440 (FAX)

As a result of the head trauma caused by Defendant's negligence, Linda Marie Selymes sustained life altering injuries and died.

3.9     Defendant QFC failed to exercise ordinary care in the maintenance of said flooring by failing to inspect the floors for the safety of customers, and among other acts of negligence, placing an inappropriate mat on the floor and/or failing to appropriately secure said mat to the floor, in the meat department area where Ms. Selymes fell.

3.10    The Defendants knew or should have known that the customers in the building would be unaware of dangerous conditions presented by the mat on the floor. The Defendants negligently failed to take steps to either make its flooring safe for passage or navigation, and failed to warn customers including Mrs. Selymes of the dangerous condition, all of which caused her to trip and fall on the mat and suffer the injuries and damages herein described.

## IV. LIABILITY

4.1     Plaintiff repeats paragraphs 1.1 to 3.10.

4.2     At all material times, Linda Marie Selymes was an invited customer owed the highest duty of care by the defendants' store.

4.3     Defendants have a *duty* to make a *reasonable inspection* of the subject premises and are liable to invitees for dangers on the subject premises that were known, should have been known, or could and should have been discovered by a reasonable inspection.

4.4     Defendants, or any of them, breached the duty referred to in paragraph 4.3 by permitting the circumstances as alleged in Part III to arise. This includes originally placing the mat in the location where Ms. Linda Selymes walked.

4.5     Defendants, or any of them, had a *duty to warn* invitees of dangers on the subject premises that were known or should have been known.

COMPLAINT FOR
PERSONAL INJURIES - 4

GREANEY SCUDDER LAW FIRM, PLLC
203 MADISON AVENUE
KENT, WASHINGTON 98032
253-859-0220
253-859-0440 (FAX)

4.6     Defendants, or any of them, breached the duty referred to in paragraph 4.5 by creating the danger and by failing to properly warn Plaintiff of the danger.

4.7     Defendants, or any of them, have a *duty* to *protect* invitees against obvious dangers on the subject premises that are known or should be known.

4.8     Defendants, or any of them, breached the duty referred to in paragraph 4.7 by failing to protect Plaintiff against the dangerous condition posed by the mat and/or the premises.

4.9     As a result of the negligence of Defendants' employee(s) or agent(s), for whom Defendants, or any of them, are at law vicariously liable under the doctrine of *respondeat superior,* and by their own negligence as alleged herein, Plaintiff sustained personal injury and damages for which Defendants are responsible.

## V. PLAINTIFF'S FIRST CAUSE OF ACTION:  NEGLIGENCE

5.1     Plaintiff repeats paragraphs 1.1 to 4.9.

5.2     On the date of the alleged occurrence, QFC and its employees were under the supervision, ownership, control, maintenance and care of Defendant, QFC.  The defendant, by and through its agents, servants and employees, owed Plaintiff a duty to provide and maintain safe premises for the benefit of its invitees.  The Defendant also had a duty to:

(a)     Provide safe and adequate maintenance of the premises, grounds, and equipment/displays;

(b)     Provide invitees with warning signs regarding unsafe areas and hidden dangers;

(c)     Have a system in place to inspect the premises for unsafe conditions;

(d)     Have a policy for inspecting once its employees become aware or should have become aware of potential unsafe conditions or the possibility of such;

(e)     Eliminate unsafe conditions on its premises once its employees become aware or should have become aware of potential unsafe conditions.

COMPLAINT FOR
PERSONAL INJURIES - 5

GREANEY SCUDDER LAW FIRM, PLLC
203 MADISON AVENUE
KENT, WASHINGTON 98032
253-859-0220
253-859-0440 (FAX)

    (f)    Have a written policy regarding when and where to use mats in front of the meat department, and, follow its written policies.

5.3    Defendant breached its duties as set forth in paragraphs 4.1 through 5.2.

5.4    As a result of the negligence as alleged herein, Plaintiff Emery Selymes has suffered loss of consortium, the loss of his companion wife, emotional distress, hedonic damages and continuing damages for which Defendants are at law responsible and it is right and just that Plaintiff be fully and fairly compensated therefor.

5.5    The Defendant had actual and/or constructive notice of the defects and its own negligence.

## VI. PLAINTIFF'S SECOND CAUSE OF ACTION: FAILURE TO PRESERVE EVIDENCE (SPOLIATION)

6.1    Plaintiff repeats paragraphs 1.1 to 5.5.

6.2    Additionally, at and/or near the time of the occurrence herein, the Defendants and its employees and agents were timely notified to preserve all evidence of this occurrence, including, but not limited to: the mat involved in this occurrence, and all photographic evidence. It is alleged that Defendants failed to preserve evidence from the scene of this occurrence, including altering, destroying, discarding said evidence, even though timely requested. Defendants failed to preserve and maintain the mat and other evidence from the scene of this incident. Defendants' removal, destruction, and failure to preserve evidence from the scene of the occurrence herein directly interfered with and impacted the ability of Plaintiffs to collect critical evidence connected to the event. The Defendants and its agents negligently and/or intentionally committed the destruction of evidence. As a result, Plaintiff has suffered emotional distress and continuing damages for which Defendants are at law responsible and it is right and just that Plaintiff (s) be fully and fairly compensated therefor.

////////

COMPLAINT FOR
PERSONAL INJURIES - 6

GREANEY SCUDDER LAW FIRM, PLLC
203 MADISON AVENUE
KENT, WASHINGTON 98032
253-859-0220
253-859-0440 (FAX)

## VII. EXPENSES INCURRED

7.1     As a further direct and proximate result of the negligence and recklessness of the defendants, Plaintiff has incurred expenses due to the medical care, death, and funeral expenses for his spouse.

## VIII. WRONGFUL DEATH OF SPOUSE & LOSS OF CONSORTIUM.

8.1     Plaintiff re-alleges paragraphs 1.11 through 7.1, above.

8.2     As a direct and proximate result of the acts and omissions of the defendants, Plaintiff Emery has sustained damages including funeral expenses, burial expenses, medical expenses, and for the loss of his decedent wife's love, affection, companionship, care, society, guidance, and consortium, and the sudden and untimely destruction of the spousal relationship.

## IX. SURVIVAL ACTION PURSUANT TO RCW 4.10.046 & 4.20.060:

9.1     Plaintiff re-alleges paragraphs 1.1 through 7.1, above.

9.2     As a result of the Defendants' acts and/or omissions, decedent Linda Marie Selymes suffered injuries which caused her death. As a result of Defendants' acts and omissions, she experienced physical and mental pain, anxiety, distress, agony, and suffering, all to her damage in an amount to be proven at the time of trial.

9.3     In addition, decedent's death resulted in damages for loss of enjoyment of life and general damages.

9.4     The statutory beneficiaries and the estate of Ms. Selymes sustained damages as a result of her death pursuant to RCW 4.20.010, 4.20.020, 4.20.046, and 4.20.060.

## AMENDMENT

10.1    Plaintiff reserves the right to amend this complaint either before or during trial, including,

COMPLAINT FOR
PERSONAL INJURIES - 7

GREANEY SCUDDER LAW FIRM, PLLC
203 MADISON AVENUE
KENT, WASHINGTON 98032
253-859-0220
253-859-0440 (FAX)

but not limited to, other damages incurred or other theories of liability.

## X. PRAYER FOR RELIEF

11.1   In consequence whereof, Plaintiffs pray for judgment as follows:

(a) judgment for damages against Defendants, jointly and severally, in an amount to be established at the time of trial, plus applicable interest, costs and attorney's fees as allowed by any applicable law or authority;

(b) for such other and further relief as the Court deems just, equitable and proper for Plaintiffs at the time of trial.

Dated this 20TH day of June, 2020

GREANEY SCUDDER LAW FIRM, PLLC

John J. Greaney, WSBA # 11252
Karen J. Scudder, WSBA #35351
Greaney Law Firm, PLLC
Attorneys for Plaintiff, Emery Selymes,
Individually, and as Personal Representative of the
Estate of Linda Marie Selymes

COMPLAINT FOR
PERSONAL INJURIES - 8

GREANEY SCUDDER LAW FIRM, PLLC
203 MADISON AVENUE
KENT, WASHINGTON 98032
253-859-0220
253-859-0440 (FAX)

FILED

2020 MAR -5 PM 1:18

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA



### IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
### FOR THE COUNTY OF KING

| IN RE THE ESTATE OF: | NO: 20-4-01565-0 KNT |
|---|---|
| LINDA MARIE SELYMES | LETTERS OF ADMINISTRATION |
| DECEASED | (LTRAD) |

The above named decedent died intestate leaving property in Washington State subject to administration. **EMERY SELYMES** is/are appointed by the Court as Administrator(s) and authorized to administer the estate according to law.

WITNESS my hand and seal of said Court: March 5, 2020.

BARBARA MINER
King County Superior Court Clerk

By: _____ , Deputy Clerk
L.Pait

**• NOT OFFICIAL WITHOUT SEAL •**

I BARBARA MINER Clerk of the Superior Court of the State of Washington for King County do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof IN TESTIMONY WHEREOF I have affixed this seal of said Superior Court at my office at Seattle on this date_____ MAR 0 5 2020

BARBARA MINER Superior Court Clerk

By_____
Deputy Clerk        L. PAIT

RCW 11.28.140; 11.28.280                                           revised: 04/2017

Exhibit 1